UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X

MAQSOOD THANGE,                                           Civil Action No. 2:19-cv-05979

                             Plaintiff,

      -against-                                          **AMENDED COMPLAINT**

                                         (Jury Trial Demanded)

OXFORD GLOBAL RESOURCES, LLC,
ATLANTIC HEALTH SYSTEM, INC.,
JEFF ADKINS,
DEBBIE KING,

                             Defendants.
-------------------------------------------------------------------X

      Plaintiff MAQSOOD THANGE, (hereinafter referred to as "Plaintiff" or "THANGE"), by and through his attorneys, the DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants OXFORD GLOBAL RESOURCES, LLC (hereinafter referred to as "OXFORD"), ATLANTIC HEALTH SYSTEM, INC. (hereinafter referred to as "ATLANTIC"), JEFF ADKINS (hereinafter referred to as "ADKINS"), and DEBBIE KING (hereinafter referred to as "KING"), upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains of Defendants pursuant to Title VII of the Civil Rights Act of 1964 as codified, 42 U.S.C. § 2000 to 2000e-17 (amended in 1972, 1978, and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), 42 U.S.C. §1981, and

1

to remedy violations of the laws of the State of New Jersey based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiff suffered as a result of being discriminated against by his employer, *inter alia*, on the basis of his religion, race, and national origin, together with being subjected to a hostile work environment, retaliation, and wrongful termination.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII and 42 U.S.C. §1981. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343, and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

3. On or around November 19, 2018, the Equal Employment Opportunity Commission ("EEOC") mailed Plaintiff THANGE his Right to Sue Letter.

4. Plaintiff received the Right to Sue Letter on or around November 26, 2018. Plaintiff's EEOC Charge Number is 524-2018-01349.

5. Plaintiff has satisfied all administrative prerequisites and filed this action within ninety (90) days of receiving his Right to Sue Letter pursuant to 29 CFR § 1601.28.

6. Venue is proper in this district based upon the fact that Defendants employed Plaintiff within the District of New Jersey and the discriminatory actions occurred within the District of New Jersey. 28 U.S.C. §1391(b).

## PARTIES

7. Plaintiff MAQSOOD THANGE, is an individual Indian male of Islamic faith who resides in the State of New Jersey, Middlesex County.

8. At all times material, Defendant OXFORD is a foreign limited liability company duly existing by the virtue and laws of the State of Delaware that does business in the State of New Jersey.

9. At all times material, Defendant ATLANTIC HEALTH SYSTEM, INC. is a domestic non-profit corporation duly existing by the virtue and laws of the State of New Jersey that does business in the State of New Jersey.

10. At all times material, Defendants OXFORD and ATLANTIC were joint employers of Plaintiff MAQSOOD.

11. At all times material, Defendants OXFORD and ATLANTIC employed Defendant JEFF ADKINS (hereinafter referred to as "ADKINS") as a consultant working at Defendants ATLANTIC's offices.

12. Defendant ADKINS is an individual Caucasian Christian-American male residing in the State of Pennsylvania.

13. At all times material, Defendants ATLANTIC employed Defendant DEBBIE KING (hereinafter referred to as "KING") as an the Application Support Manager.

14. Defendant KING is an individual Caucasian Christian-American female residing in the State of New Jersey.

15. Defendant KING held a supervisory position at Defendants ATLANTIC, controlling many tangible aspects of Plaintiff's job duties, including holding the power to hire and fire Plaintiff.

16. At all material times, KING held supervisory authority over Plaintiff.

17. Upon information and belief, at all times relevant to this Complaint, Defendants meet the definition of an "employer" under all applicable state and local statutes.

18. Defendants each have over fifteen (15) employees.

## MATERIAL FACTS

19. On or about February 19, 2018, Defendants hired Plaintiff as a PeopleSoft HCM Consultant assigned to work at Defendants ATLANTIC's building located at 475 South St, Morristown, NJ 07960.

20. Defendants subjected Plaintiff to religious discrimination and a hostile work environment based of his race, religion, and national origin.

21. On several occasions, Defendant ADKINS made discriminatory and hostile comments directed towards Plaintiff on the basis of his race, religion, and national origin.

22. For instance, while having lunch in March 2018, Defendant ADKINS asked Plaintiff, "oh, are you hiding a bomb?"

23. In or around March 2018, Defendant ADKINS called Plaintiff "jihadi." Plaintiff was extremely hurt, upset, and offended by Defendant ADKINS discriminatory comment.

24. On several occasions, Defendant ADKINS told Plaintiff, "We don't understand your accent" and "We don't understand what you have to say."

25. In or about early April 2018, Defendant ADKINS asked Plaintiff, "Are you a jihadist?" This comment was made in front of Defendant KING, who looked at Plaintiff, smirked, and said nothing to Plaintiff or Defendant ADKINS.

26. Thus, Defendants failed to take any preventative, corrective, or disciplinary actions.

27. Defendants subjected Plaintiff to a hostile work environment on the basis of his race, religion, and national origin.

28. Upon information and belief, Defendant KING and Defendant ADKINS are friends and have a close working relationship.

29. In addition to these direct discriminatory comments, Defendant ADKINS further discriminated against Plaintiff in front of Defendants' supervisors without reprimand by treating him differently from his Caucasian, Christian, American co-workers.

30. For instance, on numerous occasions, Defendant ADKINS told Plaintiff to "shut up" and "be quiet," and said, "nobody's talking to you," "no one wants to know what you have to say," and "nobody's listening (to you)."

31. These comments were regularly made at meetings attended by many of Defendants' employees, including supervisors.

32. These comments were directed at Plaintiff and no one else because of his religion, race, and national origin. Defendant ADKINS did not make these discriminatory comments to any Caucasian, Christian, or American individuals.

33. On at least one occasion, Plaintiff complained about Defendant ADKINS' comments to Defendant OXFORD's employee LISA KADERAVEK.

34. However, Defendants failed to take corrective or disciplinary action, and instead permitted Plaintiff to be spoken to in discriminatory ways by a co-worker with clear feelings of discriminatory animus toward Plaintiff.

35. On or about Tuesday, April 10, 2018, Defendant KING met with Plaintiff.

36. Defendant KING told Plaintiff that a particular program as part of a larger project

needed to be done by Thursday, April 12th.

37. There was never a deadline imposed before Tuesday, and the project was not scheduled for completion until sometime in the summer.

38. Thereafter, Plaintiff worked 12 hours on Tuesday, April 10th and ten hours on Wednesday, April 11th to finish the project as requested by Defendant KING.

39. Plaintiff did in fact finish the project on Thursday, April 12th.

40. That same day, on or about Thursday, April 12th, Defendant ADKINS told Plaintiff, "We don't want your kind of people around," referring to Indian Muslims.

41. Plaintiff was extremely offended by Defendant ADKINS' discriminatory comments.

42. Later that day, at approximately 3:30 p.m., Defendant KING called Plaintiff into her office and terminated Plaintiff on the basis of his race, religion, and national origin.

43. Defendant KING told Plaintiff, "We can't keep you, not a right fit – not a good fit, we're not comfortable."

44. Plaintiff asked, "Are you sure it's not because, you know, he's been calling me names right, like 'jihadi' and 'oh, are you hiding a bomb?'" Plaintiff was referring to Defendant ADKINS.

45. Defendant KING explicitly indicated to Plaintiff that Defendant ADKINS' discriminatory animus against Plaintiff was the reason for his termination, responding, "The whole team dynamic – I can't have it, it's not working."

46. Plaintiff explained that the issue between Plaintiff and Defendant ADKINS that effected the "team dynamic" stemmed from Defendant ADKINS' discriminatory animus against Plaintiff, but Defendant KING said Plaintiff could "not change (her) mind."

47. Defendants discriminated against and terminated Plaintiff because of his race, religion, and national origin, and because he complained or opposed the unlawful conduct of Defendants related to the above protected classes.

48. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unwarranted hardships and irreparable damage to his professional reputation.

49. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

50. Plaintiff has also suffered permanent damage to his health as a result of the acts and conduct complained of herein. Plaintiff has developed physical ailments as a result of this conduct, including high blood pressure.

51. Plaintiff claims alternatively (in the event Defendants claim so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

52. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendants.

53. The above are just some examples of the unlawful, discriminatory, and retaliatory conduct to which Defendants subjected Plaintiff.

**AS A FIRST CAUSE OF ACTION
FOR DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF
1964, 42 U.S.C. § 2000e et. seq.,**
(Against Defendants OXFORD and ATLANTIC)

54. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) *[Section 703]* provides that it shall be an unlawful employment practice for an employer:

> (a) Employer practices: It shall be an unlawful employment practice for an employer:
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

56. Defendants OXFORD and ATLANTIC engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by: (1) discriminating against Plaintiff THANGE on the basis of his race, religion, and national origin; (2) allowing their employees to discriminate against Plaintiff THANGE on the basis of his race, religion, and national origin; and (3) creating a hostile work environment that promoted discrimination against Plaintiff THANGE on the basis of his race, religion, and national origin.

57. Plaintiff hereby makes a claim against Defendants OXFORD and ATLANTIC under all the applicable paragraphs of Title VII.

58. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION
FOR DISCRIMINATION UNDER TITLE VII
42 U.S.C. § 2000e-3(a)
RETALIATION
(Against Defendants OXFORD and ATLANTIC)**

59. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

60. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) *[Section 704]* provides that it shall be unlawful employment practice for an employer:

    "(1) to …discriminate against any of his employees … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

61. Defendants OXFORD and ATLANTIC engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

62. Defendants violated the above and Plaintiff suffered and continues to suffer numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER 42 U.S. CODE § 1981
## 42 U.S. CODE § 1981
## DISCRIMINATION
**(Against All Defendants)**

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

64. 42 U.S. Code § 1981 - Equal rights under the law states provides:

  (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

  (b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

  (c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

65. Defendants constantly enforced a purposefully discriminatory pattern and practice of depriving Indian individuals of the equal rights described therein, in further violation of 42 U.S.C. §1981.

66. As a result of Defendants' discrimination in violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of his contractual relationship which provided substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling Plaintiff to compensatory damages.

67. As alleged above, Defendants acted with malice or reckless indifference to the rights of the Plaintiff and copious other individuals named herein, thereby entitling Plaintiff to an award of punitive damages.

68. Defendants violated the above and Plaintiff suffered numerous damages as a result.

69. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of 42 U.S. Code § 1981.

### AS A FOURTH CAUSE OF ACTION
### UNDER NEW JERSEY STATE LAW
### NJLAD § 10:5-12(a)
### DISCRIMINATION
### (Against All Defendants)

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. NJLAD's Section 10:5-12(a) sets forth in pertinent part as follows: "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: a) For an employer, because of race, creed … to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age,

from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

72. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff on the basis of his race, religion, and national origin.

73. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FIFTH CAUSE OF ACTION
UNDER NEW JERSEY STATE LAW
NJLAD § 10:5-12(d)
RETALIATION AND INTIMIDATION**
**(Against All Defendants)**

74. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

75. New Jersey's Law against Discrimination Section 10:5-12(d) sets forth that it is unlawful "[f]or any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act.

76. Defendants violated the sections cited herein by unlawfully retaliating against Plaintiff for reporting and opposing practices and acts forbidden under NJLAD § 10:5-12.

77. Defendants further violated the sections cited herein by unlawfully coercing, intimidating, threatening or interfering with Plaintiff's exercise of rights granted or protected by this act as cited in paragraphs 18 – 52 herein.

78. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SIXTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## NJLAD § 10:5-12(e)
## AIDING AND ABETTING
**(Against All Defendants)**

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

80. NJLAD Section 10:5-12(e) sets forth in pertinent part as follows: "Unlawful employment practices, discrimination. It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: e) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

81. Defendants engaged in an unlawful discriminatory practice by aiding and abetting the discrimination against the Plaintiff as set forth herein.

82. Defendants violated all other applicable sections of N.J. Stat. § 10:5-12(e) et. Seq.

83. As such, Plaintiff has been damaged as set forth herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

Dated:   New York, New York
         June 20, 2019

**DEREK SMITH LAW GROUP, PLLC**

*Attorneys for Plaintiff*

By  /s/ Ishan Dave
    Ishan Dave, Esq.
    One Pennsylvania Plaza, Suite 4905
    New York, New York 10119
    (212) 587-0760